IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAR 16  P 4: 03

| | |
|---|---|
| LOUISE HARRIS,<br><br>                       Petitioner,<br><br>vs.<br><br>RICHARD ALLEN, Commissioner, Alabama Department of Corrections,<br><br>                       Respondent. | Case No. 2:07CV239-mht |

## PETITIONER LOUISE HARRIS'S MOTION FOR STAY AND ABEYANCE

1.      Petitioner Louise Harris respectfully requests that this Court enter an order staying and holding in abeyance the proceedings relating to the federal habeas corpus petition she has concurrently filed today, pending the exhaustion of her claims in state habeas corpus proceedings.

2.      Mrs. Harris is currently incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama.

3.      Mrs. Harris was convicted of capital murder in the Montgomery Circuit Court in 1989. Although the jury recommended, by a vote of seven to five, that she be sentenced to life in prison without the possibility of parole, the trial judge rejected the jury's recommendation and sentenced her to death by electrocution.

4.      On October 29, 2004, the Alabama Court of Criminal Appeals, on an appeal from a decision denying Mrs. Harris's Amended Petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, found that Mrs. Harris's counsel had been ineffective at the penalty phase,

and remanded the case for a new sentencing hearing. Mrs. Harris, however, was denied relief for errors committed during the guilt phase of her trial.

5.      On May 12, 2006, the Alabama Supreme Court affirmed the judgment of the Court of Criminal Appeals in all respects.

6.      As the Alabama Supreme Court affirmed the denial of Mrs. Harris's claims regarding the guilt phase of her trial, Mrs. Harris has now fully exhausted her state remedies with respect to her original judgment of conviction.

7.      Mrs. Harris, however, has not had the opportunity to exhaust her state remedies with respect to the penalty phase of her trial. The Montgomery Circuit Court has not set a date for Mrs. Harris's new sentencing hearing. As Mrs. Harris's resentencing has not occurred, potential claims arising from that proceeding have not yet developed and, in fact, would be impossible to raise at this time.

8.      Mrs. Harris, in keeping with the guidance provided by the Court of Appeals, has endeavored to preserve her exhausted claims in the accompanying habeas petition, which challenges only her original judgment of conviction. See Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006). In Rainey, the Court of Appeals found that a petitioner need not jeopardize her claims challenging her original judgment of conviction by waiting to file her habeas application until her resentencing judgment becomes final. Id. at 1329. The court stated that those claims could be preserved during the initial one-year statute of limitations period by filing a federal habeas petition directed to the conviction alone. Id.

9.      Having filed her habeas petition in an effort to preserve the claims that she has exhausted, Mrs. Harris requests that it be held in abeyance pending her resentencing hearing and a state court resolution of the penalty phase claims that may arise from that proceeding. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (stating that a prisoner may file a "'protective'

petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); Siebert v. Haley, 193 F. Supp. 2d 1260, 1264 (M.D. Ala. 2002) (suggesting that, to avoid "the alleged tension between the AEDPA statute of limitations and [the] exhaustion requirement," a petitioner should file a federal habeas corpus petition and then move to have it stayed), vacated on other grounds, 334 F.3d 1018 (11th Cir. 2003).

10.   Under the unusual circumstances at hand, a stay and abeyance is the most appropriate course of action. In the absence of a stay, Mrs. Harris's federal habeas claims will necessarily proceed piecemeal, with her guilt phase claims being adjudicated now and her penalty phase claims being heard later. In other words, without a stay, Mrs. Harris will need to make penalty phase claims through a future petition, which challenges the resentencing process alone. See Rainey, 443 F.3d at 1329 n.8. If, however, a stay is granted, Mrs. Harris will be able to revise or supplement the instant petition, and present all of her claims to this Court at the same time. From the standpoint of judicial economy, that is clearly the better option. See, e.g., Arango v. Wainwright, 716 F.2d 1353, 1355 (11th Cir. 1983) (holding that "[i]n the interests of judicial economy, this federal proceeding should be held in abeyance until all of the claims Petitioner wants to assert are exhausted and brought before a federal court").

11.   Moreover, Mrs. Harris's case easily meets the preconditions for a stay, as articulated by the United States Supreme Court. The Supreme Court has stated that "it likely would be an abuse of discretion" for a district court to deny a motion for a stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics". Rhines v. Webber, 544 U.S. 269, 278 (2005); accord Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005). All three of those requirements are satisfied here.

      (a)    There is no question that Mrs. Harris had good cause for failing to exhaust her penalty phase claims. Indeed, because Mrs. Harris's new sentencing hearing has yet to occur, she does not even know what claims she may have with respect to those proceedings. As such, there is no possibility that she could have exhausted those claims, or even raised them at all.

      (b)    Mrs. Harris's unexhausted claims are certainly "potentially meritorious". There is a chance that Mrs. Harris will have claims arising from her resentencing, and no way to evaluate the merits of those claims before they have been developed. Justice requires that Mrs. Harris be given a chance to develop and pursue them.

      (c)    There is absolutely no indication that Mrs. Harris has engaged in "intentionally dilatory litigation tactics". The Montgomery Circuit Court has not set a date for Mrs. Harris's new sentencing hearing. Mrs. Harris has not been responsible for any type of delay. On the contrary, she has zealously proceeded in state court, and is timely protecting her right to file a federal habeas petition.

WHEREFORE, Mrs. Harris respectfully requests entry of the attached proposed order staying her federal habeas corpus proceedings and holding them in abeyance pending the exhaustion of her claims in state habeas corpus proceedings.

Respectfully submitted,

*[signature]*

Stuart W. Gold, Esq. (NY Bar #1473859)
*Pro hac vice application pending*

Sarah E. Paul, Esq. (NY Bar #4379830)
Elana J. Zeide, Esq. (NY Bar #4408241)
Ryan M. Billings, Esq. (NY Bar #4299285)
*Pro hac vice applications pending*

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Telecopier: (212) 474-3700

William Blanchard, Esq.
SJIS Code BLA029
Blanchard Law Offices
505 South Perry Street
Montgomery, AL 36104-4615
Telephone: (334) 269-9691
Telecopier: (334) 263-4766

*Attorneys for Petitioner Louise Harris*

March 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUISE HARRIS,<br><br>                              Petitioner,<br><br>vs.<br><br>RICHARD ALLEN, Commissioner, Alabama Department of Corrections,<br><br>                              Respondent. | Case No. 2:07CV239-mht |

ORDER GRANTING PETITIONER LOUISE HARRIS'S
MOTION FOR STAY AND ABEYANCE

AND NOW, on this ___ day of_____, 2007, upon review of Petitioner Louise Harris's Motion for Stay and Abeyance:

IT IS HEREBY ORDERED that Petitioner's Motion is GRANTED.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated:_____