IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUISE HARRIS,<br><br>          Petitioner,<br><br>  vs.<br><br>RICHARD ALLEN, Commissioner, Alabama Department of Corrections,<br><br>          Respondent. | Civ. Action No.<br>2:07-cv-239-MHT |

**PETITIONER LOUISE HARRIS'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR STAY AND ABEYANCE**

Petitioner Louise Harris respectfully submits this memorandum of law in support of her unopposed motion for stay and abeyance. Mrs. Harris requests that the proceedings related to her federal habeas corpus petition be held in abeyance, pending the exhaustion of her claims in state habeas corpus proceedings. The grounds for Mrs. Harris's motion are set forth below.

**Background**

Mrs. Harris is currently incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama. She was convicted of capital murder in the Montgomery Circuit Court in 1989. Although the jury recommended, by a vote of seven to five, that she be sentenced to life in prison without the possibility of parole, the trial judge rejected the jury's recommendation and sentenced her to death by electrocution. The verdict and sentence were affirmed on direct appeal.

On November 23, 1998, Mrs. Harris filed an Amended Petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. On April 16, 2002, the

Montgomery Circuit Court denied the Amended Petition in all respects. On October 29, 2004, the Alabama Court of Criminal Appeals found that Mrs. Harris's counsel had been ineffective at the penalty phase, and remanded the case for a new sentencing hearing. Mrs. Harris, however, was denied relief for errors committed during the guilt phase of her trial. On May 12, 2006, the Alabama Supreme Court affirmed the judgment of the Court of Criminal Appeals.

On March 16, 2007, having fully exhausted her state remedies with respect to the guilt phase of her trial, Mrs. Harris filed a timely federal habeas petition in this Court challenging her original judgment of conviction. (See Pet. for Writ of Habeas Corpus by Prisoner in State Custody, Doc. No. 1.) The petition does not challenge Mrs. Harris's sentence, as her case has been remanded for resentencing. The new sentencing hearing has yet to take place, and the Montgomery Circuit Court has not set a date for those proceedings. Accordingly, Mrs. Harris has not had the opportunity to exhaust her state remedies with respect to the penalty phase of her trial. Potential claims arising from Mrs. Harris's resentencing are still to be developed and would be impossible to raise at this time.

By filing a federal habeas petition directed to her original conviction alone, Mrs. Harris has endeavored to preserve her exhausted claims in the manner suggested by the Court of Appeals. See Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006). In Rainey, the Court of Appeals held that the statute of limitations (28 U.S.C. § 2244(d)) on a petition challenging only an original judgment of conviction begins to run as soon as that judgment becomes final. Id. at 1328. The court found that, nevertheless, petitioners "are not forced to jeopardize their claims challenging the

2

original judgment of conviction by waiting until the resentencing judgment becomes final to file their applications". Id. at 1329. Instead, a petitioner may preserve challenges to her original judgment of conviction if, within the initial one-year statute of limitations, she files a federal habeas petition encompassing such claims. Id.

Having filed her federal habeas petition in an effort to preserve the claims that she has exhausted, Mrs. Harris concurrently moved for a stay and abeyance pending her resentencing hearing and a state court resolution of the penalty phase claims that may arise from those proceedings. (See Pet'r Louise Harris's Mot. for Stay & Abeyance, Doc. No. 7.) This Court ordered that Mrs. Harris's motion be set for submission, without oral argument, on April 16, 2007, with all briefs due by that date. (See Order, Doc. No. 10.) The Alabama Attorney General's Office, which is representing the Respondent in this case, has informed Mrs. Harris's counsel that it will not object to her request to hold the petition in abeyance.

## Discussion

A petitioner "trying in good faith to exhaust state remedies" may file a protective petition in federal court, asking the federal court "to stay and abey the federal habeas proceedings until state remedies are exhausted". Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); see also Siebert v. Haley, 193 F. Supp. 2d 1260, 1264 (M.D. Ala. 2002) (suggesting that, to avoid "the alleged tension between the AEDPA statute of limitations and [the] exhaustion requirement," a petitioner should file a federal habeas corpus petition and then move to have it stayed), vacated on other grounds, 334 F.3d 1018 (11th Cir. 2003).

Under the unusual circumstances at hand, a stay and abeyance is the most appropriate course of action. In the absence of a stay, Mrs. Harris's federal habeas claims

3

will necessarily proceed piecemeal, with her guilt phase claims being adjudicated now and potential penalty phase claims being heard later. In other words, without a stay, Mrs. Harris will need to raise future penalty phase claims through a future petition, which challenges the resentencing process alone. See Rainey, 443 F.3d at 1329 n.8 ("[O]ther circuits have uniformly held a petitioner is permitted to file one petition challenging his conviction and sentencing and, upon being granted post-conviction relief, bring another petition challenging resentencing without the subsequent petition being dismissed as second or successive".). If, however, a stay is granted, Mrs. Harris will be able to revise or supplement the instant petition, and present all of her claims to this Court at the same time. From the standpoint of judicial economy, that is clearly the better option. See, e.g., Arango v. Wainwright, 716 F.2d 1353, 1355 (11th Cir. 1983) (holding that "[i]n the interests of judicial economy, this federal proceeding should be held in abeyance until all of the claims Petitioner wants to assert are exhausted and brought before a federal court").

  Moreover, Mrs. Harris's case easily meets the preconditions for a stay as articulated by the United States Supreme Court. The Supreme Court has set out a three-part test for evaluating a motion for stay and abeyance, stating that "it likely would be an abuse of discretion" for a district court to deny such a motion "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics". Rhines v. Webber, 544 U.S. 269, 278 (2005); accord Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005). All three of those requirements are satisfied here.

*First*, there is no question that Mrs. Harris had good cause for failing to exhaust her penalty phase claims. Indeed, because Mrs. Harris's new sentencing hearing has yet to occur, she does not even know what claims she may have with respect to those proceedings. She will not be able to raise and exhaust those claims until the resentencing process is complete.

*Second*, Mrs. Harris's unexhausted claims are certainly "potentially meritorious". A claim is potentially meritorious if it is not plainly meritless. (See Order, Taylor v. Allen, Civ. A. No. 06-0364-WS-C, at 2, attached hereto as Exhibit A (granting petitioner's motion for a stay of his federal habeas petition).) There is a chance that Mrs. Harris will have claims arising from her resentencing, and there is no way to evaluate the merits of those claims before they have been developed. As such, there is simply nothing in the record to suggest that the claims will be "plainly meritless". (See id. ("[T]he Court cannot on this record conclude that all of the petitioner's grounds for relief are plainly meritless").) Justice requires that Mrs. Harris be given a chance to develop and pursue those claims.

*Finally*, there is absolutely no indication that Mrs. Harris has engaged in "intentionally dilatory litigation tactics". (See id. ("[T]here is no suggestion in the record that the petitioner is requesting a stay with the intent of improperly delaying consideration of his federal petition").) Mrs. Harris has not been responsible for any type of delay. On the contrary, Mrs. Harris has zealously proceeded in state court, and is timely protecting her right to file a federal habeas petition that challenges the constitutionality of her conviction.

## Conclusion

WHEREFORE, Mrs. Harris respectfully requests entry of the proposed order staying her federal habeas corpus proceedings and holding them in abeyance pending the exhaustion of her claims in state habeas corpus proceedings.

Respectfully submitted,

s/ Stuart W. Gold
Stuart W. Gold, Esq.
NY Bar #4379830
Attorney for Petitioner Louise Harris
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Fax: (212) 474-3700
E-mail: sgold@cravath.com

Sarah E. Paul, Esq. (NY Bar #4379830)
Elana J. Zeide, Esq. (NY Bar #4408241)
Ryan M. Billings, Esq. (NY Bar #4299285)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Fax: (212) 474-3700

William Blanchard, Esq.
SJIS Code BLA029
Blanchard Law Offices
505 South Perry Street
Montgomery, AL 36104-4615
Telephone: (334) 269-9691
Fax: (334) 263-4766

*Attorneys for Petitioner Louise Harris*

April 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUISE HARRIS,<br><br>                                Petitioner,<br><br>vs.<br><br>RICHARD ALLEN, Commissioner, Alabama Department of Corrections,<br><br>                                Respondent. | Civ. Action No.<br>2:07-cv-239-MHT |

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Ryan Matthew Billings, William Rives Blanchard, Jr., Cindy Torbert, Stuart Walter Gold, Sarah E. Paul and Elana J. Zeide. I hereby certify that I have mailed by Federal Express the document to the following non-CM/ECF participants: Assistant Attorney General John Porter and Assistant U.S. Attorney Rand Neeley.

                                            Respectfully submitted,

                                            s/ Stuart W. Gold
                                            Stuart W. Gold, Esq.
                                            NY Bar #4379830
                                            Attorney for Petitioner Louise Harris
                                            Cravath, Swaine & Moore LLP
                                            Worldwide Plaza
                                            825 Eighth Avenue
                                            New York, NY 10019-7475
                                            Telephone: (212) 474-1000
                                            Fax: (212) 474-3700
                                            E-mail: sgold@cravath.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JARROD TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 06-0364-WS-C |
| ) | |
| RICHARD F. ALLEN, etc., ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to stay. (Doc. 5). The accompanying memorandum, (Doc. 6), explains that his appeal from the trial court's denial of his Rule 32 motion was dismissed by the Court of Criminal Appeals because the attorney signing the notice of appeal had not been admitted to practice in Alabama. The petitioner has petitioned the Alabama Supreme Court for writ of certiorari and, if the writ is denied, he intends to file a petition under Rule 32.1(f), which the Court of Criminal Appeals identified as his "remedy, if any." The petitioner moves the Court to stay proceedings on his federal petition pending resolution of these state proceedings.

"[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The petitioner's is not a mixed petition, but the same principle applies to all petitions. Thus, "[a] prisoner seeking state postconviction relief might avoid this predicament [of having his federal petition declared untimely because his state application for collateral review was not "properly filed" under 28 U.S.C. § 2244(d)(2)] .... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*).

"A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court," *Pace*, 544 U.S. at 416, and there appears to be reasonable confusion as to whether either the notice of appeal or a Rule 32.1(f) petition would be deemed timely. A claim is potentially meritorious if it is not "plainly meritless," *Rhynes*, 544 U.S. at 277, and the Court cannot on this record conclude that all of the petitioner's grounds for relief are plainly meritless. Finally, there is no suggestion in the record that the petitioner is requesting a stay with the intent of improperly delaying consideration of his federal petition.

Accordingly, the motion to stay is **granted**. This action is **stayed** pending completion of the petitioner's state collateral proceedings. The petitioner is **ordered** to file and serve, on or before the tenth day of each month, a status report reflecting developments in his state proceedings, including a statement as to whether they have been concluded.

DONE and ORDERED this 23rd day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE